Filed 3/4/22  P. v. Wright CA2/3
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B311217 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA044175) |
| v. | |
| DALLAS RAY WRIGHT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Reversed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Thomas C. Hsieh and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Dallas Ray Wright appeals from a postjudgment order denying his Penal Code section 1170.95 petition.[1] The trial court found Wright ineligible for relief as a matter of law because he was convicted of attempted murder, not murder, and we affirmed its order. Effective January 1, 2022, the Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), which amended section 1170.95 to provide relief to eligible defendants convicted of attempted murder. Our Supreme Court has transferred the matter back to us with directions to vacate our prior decision and reconsider the cause in light of Senate Bill 775. We agree with the parties that amended section 1170.95 applies retroactively to Wright. We therefore vacate our previous opinion, reverse the trial court's denial of Wright's petition, and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

1. *The attempted murders, conviction, and original appeal*

On November 25, 2008, two Los Angeles County Sheriff's officers were working undercover at a Lancaster mobile home park, investigating graffiti related to the Mid Town Criminals (MTC) criminal street gang. Wright drove past and slowed by the officers' vehicle. When they attempted to stop Wright, he led them on a five-to-ten minute pursuit. At one point, he appeared to be talking on a cellular telephone. The officers followed Wright back to an area near an apartment complex, next to the

---

[1] All further undesignated statutory references are to the Penal Code.

[2] We derive the factual and procedural background in part from our unpublished opinion in this case, of which we take judicial notice on our own motion. (Evid. Code, §§ 451, 459.)

2

mobile home park. Wright's vehicle slowed and Marcos R., an MTC gang member, emerged from behind some bushes. Wright pointed at Marcos and then at the officers. Marcos fired multiple shots at the officers, some of which hit their vehicle. Wright and Marcos were subsequently apprehended. Wright told detectives that he fled because he believed the officers were rival gang members. He called Marcos and told him he was being chased. Marcos told him, " 'I got you' " and suggested that Wright drive near the apartments. Wright did so, and heard gunshots after he drove past Marcos.

At trial, the court instructed the jury on direct aiding and abetting and the natural and probable consequences doctrine. The jury convicted Wright of the willful, deliberate, and premeditated attempted murders of both officers (§§ 664, 187, subd. (a)), and two counts of assault with a semiautomatic firearm (§ 245, subd. (b)). As to each offense, the jury also found true a section 186.22 gang enhancement, and that a principal personally used and discharged a firearm (§ 12022.53, subds. (b), (c), (e)(1)). The trial court sentenced Wright to 40 years to life in prison. A different panel of this Division affirmed Wright's judgment, with a minor sentence modification, in 2011. (*People v. Wright* (Dec. 1, 2011, B226877) [nonpub. opn.].)

2. *The section 1170.95 petition*

On January 26, 2021, Wright filed a section 1170.95 petition for vacation of his attempted murder convictions and resentencing. He appended to his petition a portion of the jury instructions in the case and the verdict forms. He also requested the appointment of counsel.

On January 28, 2021, the trial court summarily denied the petition. Consistent with the law in effect at the time, the court

3

found Wright was ineligible for relief as a matter of law because he had been convicted of attempted murder, an offense to which section 1170.95 did not extend. Wright was not present, and was not represented by counsel. We affirmed the trial court's order. (*People v. Wright* (Oct. 18, 2021, B311217) [nonpub. opn.].)

On October 5, 2021, the Governor signed Senate Bill 775, which took effect on January 1, 2022. (See *People v. Montes* (2021) 71 Cal.App.5th 1001, 1006.) On December 22, 2021, our Supreme Court granted Wright's petition for review and transferred the matter to us with directions to vacate our decision and reconsider the cause in light of Senate Bill 775.

## DISCUSSION

In supplemental briefing, Wright contends, and the People concede, that the superior court's ruling must be reversed and the matter remanded for further proceedings in accordance with amended section 1170.95. We agree.

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959.) To achieve these goals, Senate Bill 1437 added section 189, subdivision (e) (limiting application of the felony murder rule) and section 188, subdivision (a)(3) (stating that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime.")

Senate Bill 1437 also added section 1170.95, which created a procedure whereby persons convicted of murder under a now-invalid felony-murder or natural and probable consequences theory may petition for vacation of their convictions and

4

resentencing.  As originally enacted, section 1170.95's express language encompassed only murder, not attempted murder or manslaughter.  Accordingly, prior to enactment of Senate Bill 775, California appellate courts concluded that section 1170.95 did not extend to convictions for those offenses.  (See *People v. Flores* (2020) 44 Cal.App.5th 985, 993–994.)

Senate Bill 775 amended section 1170.95 to encompass attempted murder and manslaughter.  The statute now provides: "A person convicted of felony murder or murder under the natural and probable consequence doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated . . . ."  (§ 1170.95, subd. (a); see also subd. (d)(1); *People v. Porter* (2022) 73 Cal.App.5th 644, 651–652.)

Under *In re Estrada* (1965) 63 Cal.2d 740, we assume that, absent contrary evidence, an amendment reducing punishment for a crime applies retroactively to all nonfinal judgments.  (*Id.* at p. 745; *People v. Brown* (2012) 54 Cal.4th 314, 323; *People v. Garcia* (2018) 28 Cal.App.5th 961, 972–973.)  Such is the case with Senate Bill 775.  (*People v. Montes*, *supra*, 71 Cal.App.5th at pp. 1006–1007; *People v. Porter*, *supra*, 73 Cal.App.5th at p. 652.)  For retroactivity purposes, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.  (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Garcia*, at p. 973.)  Wright's appeal of the denial of his section 1170.95 petition was not final when Senate

5

Bill 775 was enacted and took effect, and therefore the amendments apply retroactively to him.

Wright was an accomplice, not the actual shooter. His jury was instructed on the natural and probable consequences doctrine, as well as on direct aiding and abetting. Pursuant to Senate Bill 775, he is no longer categorically excluded from section 1170.95 relief. The record before us does not include the full set of jury instructions, and the verdict forms do not show, as a matter of law, that the jury found Wright personally had the intent to kill or personally premeditated and deliberated. Therefore, we cannot eliminate the possibility that Wright was convicted under the natural and probable consequences doctrine. (See *People v. Montes*, *supra*, 71 Cal.App.5th at pp. 1007–1008.) Summary denial of the petition was improper under amended section 1170.95. (See *People v. Lewis*, *supra*, 11 Cal.5th at pp. 971–972; *People v. Montes*, at pp. 1007–1008.) The matter must be remanded for the appointment of counsel (§ 1170.95, subd. (b)(3)) and further proceedings in accordance with amended section 1170.95.

## DISPOSITION

The order denying Wright's section 1170.95 petition is reversed. The matter is remanded for further proceedings, including the appointment of counsel for Wright, consistent with section 1170.95 as amended by Senate Bill 775.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.